IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA LEE BRAUN | : | CIVIL ACTION |
| v. | : | |
| TERRENCE C. GLASS<br>AUDREY MCTAQUE | : | NO. 13-3193 |

MEMORANDUM

SLOMSKY, J.                                                              JUNE    , 2013

     Brenda Lee Braun filed this pro se civil action against Terrence C. Glass and Audrey McTaque, seeking damages as a result of a slip and fall and sexual assault. She seeks to proceed _in forma pauperis_. For the following reasons, the Court will grant plaintiff leave to proceed _in forma pauperis_ and dismiss her complaint.

I.    FACTS

     Plaintiff alleges that the defendants sexually assaulted her. She further alleges that she slipped and fell on defendant Glass's driveway and fractured her ankle. She seeks $120,000 in damages and asks that the defendants be sentenced to time in prison.

     Two months before filing this action, Plaintiff filed a lawsuit against Mr. Glass in the District of Delaware, asserting the same claims raised in this action. See _Braun v. Glass_, Civ. A. No. 13-446 (D. Del.). As venue was improper in Delaware, the court transferred the action to this district, where it remains pending. _Braun v. Glass_, Civ. A. No. 13-2665 (E.D. Pa.)

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In her complaint, and on the designation form accompanying her complaint, plaintiff indicates that she is raising federal questions, including claims under the Jones Act. However, the Court cannot discern from the complaint any basis for a claim under the Jones Act, which applies in admiralty cases, or for any other federal claim. To the contrary, it appears that plaintiff is raising claims under state tort law; however, the Court lacks jurisdiction over those claims.

Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Diversity is lacking here because the complaint indicates that all of the parties are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). In any event, plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc).

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile because it is apparent that this case concerns matters of state law, that there is no basis for diversity jurisdiction, and that plaintiff's claims against defendant Glass have already been raised in a previously-filed lawsuit.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint. The dismissal of plaintiff's state claims is without prejudice to her ability to pursue those claims in state court and/or in her earlier-filed federal action. An appropriate order follows.